IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In Re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| Kenneth Michael Jacobs | ) | No. 14-23708 |
| | ) | |
| Debtor. | ) | Honorable Judge: Jack B. Schmetterer |
| | ) | |
| Jacobs & Son Inc. | ) | |
| | ) | No. 14-24965 |
| | ) | |
| Debtor. | ) | Honorable Judge: Jack B. Schmetterer |
| | ) | |

**NOTICE OF THE DEBTOR'S MOTION AND HEARING FOR FINAL DECREE**

**TO:**   See Attached Service List

**PLEASE TAKE NOTICE** that Debtor/Debtor-in-Possession Kenneth Michael Jacobs (the "Debtor") has filed a Motion For Final Decree. This document may be inspected during usual business hours at the offices of the Clerk of the Bankruptcy Court or by request from the undersigned attorneys for the Debtor, and is available electronically through PACER (http://pacer.moeb.uscourts.gov) and is attached herein and served upon you. **The Motion attaches a Group Exhibit showing $46,730.45 in Plan Payments made on the Effective Date. If you are a creditor and did not receive a payment you expected on the "Effective Date" as set forth in the Debtor's Chapter 11 Plan/Disclosure Statement, please advise the undersigned attorneys for the Debtor IMMEDIATELY.**

**TAKE FURTHER NOTICE** that a hearing to consider approval of the Debtor's Motion For Final Decree will be held on **November 3, 2015** at 11:00 a.m., before the Honorable Jack B. Schmetterer, or any Judge sitting in his stead, in Courtroom 682 of the United States Bankruptcy Court, or any other courtroom therein, 219 S. Dearborn Street, Chicago, Illinois. You are welcome, but not required, to attend this hearing.

/s/   O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
847-412-0788 (6274954)

By ECF Filing:
Patrick S Layng,
Office of the U.S. Trustee
Region 11
219 S Dearborn St
Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF
@usdoj.gov

Denise DeLaurent
Trial Attorney
Office of the United
States Trustee
219 S. Dearborn St.,
Room 873
Chicago, IL 60603
Denise.DeLaurent@usdoj.gov

James M. Crowley
Francis J. Pendergast, III
Crowley & Lamb, P.C.
221 N. LaSalle Street
Suite 1550
Chicago, IL 60601-1206
jcrowley@crowleylamb.com

Christina K Krivanek
Laborers Pension Funds
111 W Jackson Blvd 1415
Chicago, IL 60604
christinak@chilpwf.com

Jose G Moreno
Codilis & Associates
15W030 N Frontage Road
Suite 100
Burr Ridge, IL 60527
630 794-5300 Ext. 1131

Patrick T. Wallace
Office of Fund Counsel
111 W. Jackson Blvd.
Suite 1415
Chicago, IL 60604
wallace.patrick@gmail.com

By Mail
Kenneth Michael Jacobs
1140 North Derbyshire,
Arlington Heights, IL 60004

Chase
Po Box 15298
Wilmington, DE 19850

Chase auto
Attn: National
Bankruptcy Dept
Po Box 29505
Phoenix, AZ 85038

Chase Bk USA/Card
Services
Attn: Bankruptcy Dept
Po Box 15298
Wilmington, DE 19850

Citi Flex

Centralized Bankruptcy
Po Box 6003
The Lakes, NV 88901

Citibank Usa
Citicorp Credit
Services/Attn:Centralize
Po Box 20507
Kansas City, MO 64195

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850

Dsnb Macys
9111 Duke Blvd
Mason, OH 45040

Fia Csna
4060 Ogletown/Stanton Rd
Newark, DE 19713

Harris N.a.
Bmo Harris Bank -
Bankruptcy Dept.-Brk-1
770 N Water Street
Milwaukee, WI 53202

Internal Revenue Service
PO Box 7317
Philadelphia, PA 19101-7343

Republic Bank
328 S Saginaw St
Flint, MI 48502

Rnb-fields3/Macy's
Macy's Bankruptcy
Department
Po Box 8053
Mason, OH 45040

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Kenneth Michael Jacobs | ) | No. <u>14-23708</u> |
| | ) | |
| Debtor. | ) | Honorable Judge: Jack B. Schmetterer |
| _____ | ) | _____ |
| Jacobs & Son Inc. | ) | |
| | ) | No. 14-24965 |
| | ) | |
| Debtor. | ) | Honorable Judge: Jack B. Schmetterer |
| | ) | |

**THE DEBTOR'S MOTION
FOR FINAL DECREE**

Now comes the Debtor, Kenneth Michael Jacobs through his attorney, O. Allan Fridman (the "Attorneys"), respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"). In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

1. On June 26, 2014, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2. On August 27, 2015, the court entered its Order Approving the Amended

1

Disclosure Statement for Debtor's Third Amended Plan of Reorganization Dated June 29, 2015 and confirming Debtor's Plan of Reorganization Dated [Docket No. 212] (the "Confirmation Order").

## RELIEF REQUESTED

3. Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

4. Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

## BASIS FOR RELIEF

5. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

   a) the order confirming the plan has become final;
   b) deposits required by the plan have been distributed;
   c) the property proposed by the plan to be transferred has been transferred;
   d) the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
   e) payments under the plan have commenced; and
   f) all motions, contested matters, and adversary proceedings have been finally resolved.

6. Various courts have viewed these factors as a guide for determining whether

a case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 223- 24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters.*, Inc., 207 B.R. 536, 538- 39 (Bankr. E.D. Ky. 1997) (same). See *In re Jr. Food Mart of Ark., Inc.*, 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section 1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

7. Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In *re BankEast* Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section 1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain

disbursements remained to be made); *In re Mold Makers, Inc*., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc*., 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

8. Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Treatment | Status of Payments/ Dates of Distribution |
|---|---|---|
| Class 1 Administrative and Expense | Unimpaired | Paid In full |
| Class 2 Secured Claims of Northbrook | Impaired | Payments made according to terms of plan see Exhibit 1 |
| Class 3 Secured Claims of CitiMortgage | Unimpaired | Payments began on the Effective Date |
| Class 4 Priority Cement Masons Local | Impaired | Paid by Jacobs & Son. |
| Class 5 Laborers' Pension Claims | Impaired | Payments began on the Effective Date in the Jacobs & Son case. |
| Class 6 General Unsecured Creditors | Impaired | Payments made according to terms of plan see Exhibit 1 |

9. In this case, the Confirmation Order has become a final order. The initial payments have been made as shown by Exhibit 1. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

## NOTICE

10.     Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

11.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

                                              Respectfully Submitted,

                                              By: /s/ O. Alan Fridman

O. Allan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
(847)412-0788
6274954